# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORTEZ HARDRICK,** <br><br> Plaintiff, <br><br> v. <br><br> **GOVERNMENT OF THE DISTRICT OF COLUMBIA,** <br><br> Defendant. | **Civil Action No.: 23-2151 (TJK)** |

## NOTICE

## Supplemental authority[1] in support of Plaintiff's Opposition [10] to Defendants' Motion [8] to Dismiss the Complaint

On July 18, 2024 the District of Columbia Court of Appeals issued its opinion in *Ward v. United States*, 2024 D.C. App. LEXIS 256, *14-15, *29 (D.C. July 18, 2024) which deals with, among other issues, the District's transportation statute, D.C. Code 22-4504.02, which was in effect at the time the MPD arrested Mr. Hardwick and seized his hand gun. (copy of opinion attached)

---

[1] It is a common occurrence for new "pertinent and significant authorit[y]" to be decided after briefing or oral argument, and for "pertinent and significant authorities" – whether new or nor - to come to a party's attention after the party's brief has been filed. See F.R.A.P. 28(j). Most courts have rules providing for and regulating both the presentation of new and supplemental authority to the Court and the opponent's "response." See F.R.A.P. 28(j). The Local Rules of the District of Columbia District Court do not address Notice of Supplemental Authority. But, there is an ECF filing event for supplemental authority. By analogy to F.R.A.P. 28(j) Plaintiff herein move to present to the Court the attached Notice of Supplemental Authority. Nor did plaintiff see anything regarding presentation of supplemental authority in the Court's Standing Orders.

This case confirms Plaintiff Mr. Hardwick's position, stated in his Opposition [ECF No. 10], ECF p. 11, that the District's transportation statute, D.C. Code 22-4504.02, which attempted to regulate the manner in which motorists may transport firearms and ammunition in their vehicles, did not create a separate, substantive criminal offense. *Ward v. United States*, 2024 D.C. App. LEXIS 256, *14-15, *29 (D.C. July 18, 2024). Therefore, any alleged violation of the statue could not have supplied probable cause to support an arrest.

The District had erroneously argued in its Motion to Dismiss [ECF No. 8], ECF pp. 10-11, that "MPD officers had probable cause to believe Plaintiff had violated D.C. Code § 22-4504.02(b)," which, the District had erroneously argued, supplied probable cause to support an arrest.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Mr. Hardwick<br><br>717 D Street, N.W<br>Suite 300<br>Washington, DC 20004<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |