UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORTEZ HARDRICK,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GOVERNMENT OF THE DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Civil Action No. 1:23-cv-02151-TJK** |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

The District moves to strike Plaintiff's Notice of Supplemental Authority [17] (Notice), filed September 6, 2024. The Notice, submitted eight months after briefing closed on Defendant District of Columbia's (the District's) motion to dismiss [8] (Motion), purports to provide notice to the Court of D.C. Code § 7-2502.10(d) and the Supreme Court's decision in *Rahimi v. United States*, 144 S. Ct. 1889 (2024). Notice at 1–2. In reality, Plaintiff's Notice represents an improper and untimely attempt to assert a completely new claim that is not anywhere on the face of Plaintiff's Complaint [1]. The Court should strike Plaintiff's Notice for two reasons. *First*, it is not a notice at all, by any commonly understood sense of that term; it is a surreply, filed without leave of court, which is categorically improper. *Second*, the authorities of which Plaintiff purports to provide notice are irrelevant to Plaintiff's claims and the motion to dismiss briefing. *See* Mot.; Pl.'s Opp'n [10]; Def.'s Reply [14].

The District sought Plaintiff's consent to the relief sought. *See* LCvR 7(m). Plaintiff does not consent.

## BACKGROUND

Plaintiff's Complaint alleges that the District violated his Second Amendment rights "by arresting him, detaining him, and seizing and retaining for many months his handgun when he [allegedly] had committed no violation of any law . . . ." Compl. ¶ 77 (Claim 4). As explained in the District's Motion, that (conclusory) allegation "ultimately challenges the lawfulness of [Metropolitan Police Department (MPD)] officers' arrest, detention, and seizure," all of which sounds in the Fourth Amendment, not the Second Amendment. Mot. at 17. The District also argued that "Plaintiff fails to plausibly allege a theory of municipal liability for his Second Amendment claim," pointing out that the claim does not challenge the revocation of his registration certificate or concealed carry license (CPL). Mot. at 27–28. In his Opposition, Plaintiff attempted to cure those defects by citing stray allegations concerning the revocation of his registration certificate and CPL that did not assert or form any part of the Second Amendment claim outlined in the Complaint. *Compare* Pl.'s Opp'n at 14 *with* Compl. ¶¶ 76–82; *see also* Pl.'s Opp'n at 16–18 (arguing that revocation of Plaintiff's registration certificate and CPL states a Second Amendment claim). In its Reply, the District reiterated that the Complaint fails to establish either a predicate constitutional violation or a theory of municipal liability for Plaintiff's Second Amendment claim. Def.'s Reply at 15–17. The District observed that the Second Amendment claim, as pled, does not reference the Chief's revocation authority under District law, and instead references only "policies regarding carrying handguns for self-defense, and how a person may legally carry a handgun." *Id.* at 16 (citing Compl. ¶¶ 78–81).

A full eight months after briefing on the District's Motion closed, Plaintiff made two filings, both styled as notices of supplemental authority. The first, filed August 14, 2024 [16], calls the Court's attention to the decision of the District of Columbia Court of Appeals in *Ward*

2

*v. United States*, 318 A.3d 520 (D.C. 2024). Although argumentative and citing a case that does not consider the issue to which it purportedly speaks (whether DC Code § 22-4504.02 creates an independent criminal offense), the August 14 notice was not categorically improper. The second notice, filed September 6, 2024, is the subject of this motion.

## LEGAL STANDARD

"The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." *Abbott GmbH & Co. v. Yeda Rsch. & Dev. Co.*, No. 00-cv-1720, 2006 WL 8427271, at *2 (D.D.C. July 17, 2006) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992)). "[T]he Federal Rules of Civil Procedure and Local Civil Rules do not provide for the filing of a sur-reply without leave." *Akers v. Liberty Mut. Grp.*, 744 F. Supp. 2d 92, 94 n.1 (D.D.C. 2010) (citing Fed. R. Civ. P. 56; then citing LCvR 7). Courts may strike a surreply (however styled) that is filed without leave of court. *See, e.g.*, *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 64 (D.D.C. 2011). In addition, courts may strike a notice of supplemental authorities if the cited authorities are irrelevant to an issue in dispute. *See, e.g.*, *Oceana, Inc. v. Pritzker*, No. 08-cv-1881, 2014 WL 3907795, at *1 (D.D.C. Aug. 12, 2014).

## ARGUMENT

### I. Plaintiffs' Notice Is a Surreply Filed Without Leave of Court.

Plaintiff's Notice impermissibly renews the improper effort begun in his Opposition to recast his Second Amendment claim as a challenge to the revocation of his registration certificate rather than to the alleged seizure and retention of his firearm in the absence of a violation of law. *Compare* Notice at 5 *with* Compl. ¶ 77. It does so by: (1) "notifying" the Court of a years-old statutory provision concerning MPD's authority to revoke registration certificates, Notice at 1, 3; (2) notifying the Court of the Supreme Court's decision in *Rahimi*, which has nothing to do with the revocation of registration certificates or CPLs, *id.* at 3–5; and (3) arguing that the two noticed

3

authorities support the revocation-based Second Amendment claim that Plaintiff did not plead in his Complaint, *id.* at 5–8.  Specifically, the Notice argues that the District violated Plaintiff's Second Amendment rights "because it did not provide a judicial determination that [Plaintiff] posed a threat to anyone before dispossessing him of his gun and his registration certificate and CPL, and it was not temporary."  Notice at 5.  That argument finds no support in *Rahimi*, as the District explains below.  Section II, *infra*.  But the Court should not even entertain the argument because Plaintiff cannot argue the merits of *any* claim (let alone one not alleged in the Complaint) in a notice of supplemental authority (let alone one filed eight months after the close of briefing on the District's Motion).

A notice of supplemental authority is intended to alert the Court to recent, relevant court decisions.  *See Patel v. Bureau of Prisons*, No. 9-cv-200, 2011 WL 13253716, at *4 (D.D.C. Nov. 28, 2011).  Although "the Local Rules of this Court [do not] provide for the filing of supplemental authorities," courts in this District have "allowed notices of supplemental authority to be filed . . . provided that such notices are limited" in the manner described in Federal Rule of Appellate Procedure 28(j).  *Clean Label Project Found. v. Garden of Life, LLC*, No. 20-cv-3229, 2022 WL 1658812, at *6 n.4 (D.D.C. May 24, 2022).[1]  Under that rule, a party may file a letter "setting forth the citations" and "stat[ing] the reasons for the supplemental citations" in 350 words or less.  Fed. R. App. P. 28(j).  To state the obvious, "notices of supplemental

---

[1]  *See also* The Honorable Randolph D. Moss, Standing Order in Civil Cases, at 3, https://tinyurl.com/wtt3ytkd ("A party may bring supplemental authorities to the Court's attention . . . but should refrain from using the submission of supplemental authorities as an opportunity to reargue issues or to respond to arguments made in an opposing brief. . . . "[P]arties are [ ] directed to follow the procedures set forth in Federal Rule of Appellate Procedure 28(j)."); The Honorable Anna C. Reyes, Standing Order in Civil Cases, at 4, https://tinyurl.com/mwzfsbzy (same).

authority . . . cannot be used as a means for circumventing the showing that is required for securing leave to file a surreply." *Crummey*, 794 F. Supp. 2d at 64.

Despite citing the federal appellate rule limiting notices of supplemental authority to 350 words or less, Notice at 1, Plaintiff's Notice is eight pages long. Even if the noticed authorities were relevant (and they are not, *see* Section II, *infra*), the Notice presents approximately three pages of explicit argument under an argumentative header. Notice at 5–8 ("Under Rahimi the Chief's revocation of Mr. Hardrick's gun, registration certificate, and CPL violated Mr. Hardrick's Second Amendment rights."). Because Plaintiff's Notice is in fact a surreply filed without leave of court, it should be stricken. *Akers*, 744 F. Supp. 2d at 94 n.1 (striking surreply that proponent did not request leave to file); *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (same). Even if Plaintiff had sought the Court's leave, it is clear from the contents of the Notice that leave should not be granted here. *See Moses v. Dodaro*, 840 F. Supp. 2d 281, 282 n.2 (D.D.C. 2012) ("Sur-replies are rarely permitted, and only 'when a party is unable to contest matters presented to the court for the first time in the last scheduled pleading.'") (quoting *Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)); *see also Crummey*, 794 F. Supp. 2d at 64 (denying surreply styled as motion for judicial notice where movant's arguments were "all directed towards responding to arguments that were first raised by the [non-movant] in its opening memorandum"). The authorities and arguments Plaintiff presents in the Notice respond to arguments made (more than ten months ago) in the District's opening brief. *See* Mot. at 16–18, 27–30.

## II.   The Noticed Authorities Are Irrelevant To Plaintiffs' Claims.

Plaintiff's Notice should be stricken for a second reason: Neither authority it purports to call to the Court's attention—D.C. Code § 7-2502.10(d) and *Rahimi*—is relevant to the Second Amendment claim pled in the Complaint. *Oceana, Inc.*, 2014 WL 3907795, at *1 (granting

motion to strike notice of supplemental authority where court was "skeptic[al]" that the noticed authority was "relevant to a disputed issue in th[e] case").

First, Plaintiff "notifies" the Court of D.C. Code § 7-2502.10(d), a statutory provision enacted in 2009. D.C. Law 17-372 (Act 17–708) (effective Mar. 31, 2009). That provision authorizes the Chief of MPD to retain the firearm of a person whose registration certificate has been revoked while the revocation is being contested.[2] D.C. Code § 7-2502.10(d). Although that authority is nowhere referenced in the Complaint or motion to dismiss briefing, Plaintiff now posits that it serves as "an alternative basis (in addition to as 'evidence') for the District's seizure and/or retention of his gun." Notice at 3. In other words, Plaintiff attempts to assert an alternative basis for municipal liability—that MPD's authority under D.C. Code § 7-2502.10(d) caused the alleged retention of his firearm—that is not stated in his Complaint *or* Opposition. *See* Compl ¶¶ 76–82; Pl.'s Opp'n at 17.[3] The Court should not countenance Plaintiff's latest attempt to improperly amend his Complaint in response to the District's Motion. *Cf. Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014) ("It is well settled law that a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss.").

Even if such an amendment were permissible, it is inconsistent with Plaintiffs' actual allegations. In the Complaint, Plaintiff alleges that his registration certificate and CPL were

---

[2] Straining the bounds of credulity, Plaintiff argues that the Chief's authority to retain possession of a firearm under D.C. Code § 7-2502.10(d) is "not temporary." Notice at 5. That is contradicted by the provision's plain text, which is set out in the Notice and states, in relevant part: "the Chief may maintain possession of the firearm . . . *until final disposition of the matter*." D.C. Code § 7-2502.10(d) (emphasis added).

[3] Plaintiff's Opposition argues that it was MPD's authority under D.C. Code § 7-2502.09(a), which authorizes the Chief of MPD to revoke a registration certificate under certain circumstances, that caused the alleged retention of Plaintiff's firearm. Pl.'s Opp'n at 17. That theory of municipal liability is not articulated in the Complaint, either. Def.'s Reply at 16.

returned within two months, yet his gun was not returned for almost ten months.[4]  Compl. ¶¶ 53–56.  According to Plaintiffs' own allegations, then, neither the revocation of his registration certificate and CPL nor his administrative challenge to that revocation was the cause of the alleged retention of his handgun.[5]  The District made this point in its opening brief, Mot. at 26, and Plaintiff has yet to respond to it.

In sum, D.C. Code § 7-2502.10(d) is a 15-year-old statutory provision that is not referenced in the Complaint and, according to Plaintiffs' own allegations, could not have been responsible for the alleged retention of his firearm.  It is irrelevant to Plaintiff's claims.

The Supreme Court's decision in *Rahimi* is similarly irrelevant.  The Supreme Court held: "When a restraining order contains a finding that an individual poses a credible threat to the physical safety of an intimate partner, that individual may—consistent with the Second Amendment—be banned from possessing firearms while the order is in effect." 144 S. Ct. at 1896.  Plaintiff's Complaint does not allege that he was subject to such a restraining order when his firearm was allegedly seized, and therefore *Rahimi*'s holding has no bearing on his Second Amendment claim.  Plaintiff argues that because it *is* constitutional to disarm a dangerous individual after a judicial determination of unsafety, then it must be *un*constitutional to disarm a dangerous individual without such a judicial determination.  Notice at 5–8.  Faulty logic aside, that argument is inconsistent with the Supreme Court's reasoning in *Rahimi*.  144 S. Ct. at 1901 ("we do not suggest that the Second Amendment prohibits the enactment of laws banning the

---

[4]   Plaintiff's Notice attempts an even more blatant amendment by asserting that Plaintiff's registration certificate and CPL were "detain[ed]" for "almost seven months," rather than the two months alleged in the Complaint.  *Compare* Notice at 5 *with* Compl. ¶¶ 53–56.

[5]   Plaintiff also alleges that he retrieved his handgun "from the Evidence Control Branch," Compl. ¶ 56 (emphasis added), which is consistent with his multiple allegations that his handgun was taken "as evidence," Compl. ¶¶ 48, 49, 62, 68, 86, rather than as a result of the administrative process governing revocations of registration certificates.

possession of guns by categories of persons thought by a legislature to present a special danger of misuse") (citing *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)). In any event, the revocation of a registration certificate is not effective until the D.C. Court of Appeals renders a determination, if the individual pursues review. D.C. Code §§ 7-2502.10(b), 7-2509.05(a)(4); 24 DCMR § 2341.4.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and strike Plaintiff's Notice.

Date: September 18, 2024.

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section, Civil Litigation Division

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Gregory Ketcham-Colwill*
GREGORY KETCHAM-COLWILL [1632660]
MARCUS D. IRELAND [90005124]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, N.W. Suite 10100
Washington, D.C. 20001
Phone: (202) 735-7572
Email: gregory.ketcham-colwill@dc.gov

*Counsel for Defendant*