UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORTEZ HARDRICK<br><br>*Plaintiff*,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>*Defendant*. | Civil Action No. 23-2151 (TJK) |

### MEMORANDUM OPINION & ORDER

Cortez Hardrick sued the District of Columbia for several common-law torts and constitutional violations that he alleges stemmed from a traffic stop in which his handgun was seized and his gun registration and concealed pistol license were revoked. The Court dismissed all his claims except for a Second Amendment claim. The parties proceeded to discovery, but then Hardrick moved for leave to file an amended complaint to try to address the defects the Court had identified. For its part, the District opposed Hardrick's motion and also moved to dismiss the remaining claim in the *original* complaint for lack of subject matter jurisdiction. For the reasons explained below, the Court will grant Hardrick's motion in part and deny it in part, thereby permitting him to revive his constitutional claims—at least for the moment—and deny the District's motion to dismiss the original complaint as moot.

**I.      Background**

The Court provides only a brief summary of Hardrick's factual allegations that are described elsewhere. Hardick alleges that he was driving his car through Georgetown in July 2022 when he got into a confrontation with the occupants of another car. *Hardrick v. Gov't of D.C.*, No. 23-cv-2151 (TJK), 2024 WL 4286053 at *1 (D.D.C. Sep. 25, 2024). He says that the

occupants of the other car falsely reported to the police that he brandished a pistol at them during the confrontation.  *Id.*  When police officers arrived, they ordered Hardick out of his car, handcuffed him, and asked whether he had a gun.  *Id.* at *2.  Hardrick told them he had one in a closed console in the car.  After a little while, an officer informed Hardrick that his gun registration certificate and concealed pistol license would be revoked, and that his gun would be retained by the police as evidence in connection with the offense of negligently storing a handgun.  *Id.*  A few months later, Hardrick received written notice of the revocations.  *Id.*  Hardrick alleges that he did not get his gun back until ten months later, when he was notified by the police that he could pick it up.  *Id.*  He was apparently never charged with any offense.  *Id.*

Hardrick sued the District in July 2023, bringing six claims: three common-law claims for false arrest, conversion, and negligence, and three constitutional claims under the Due Process Clause, the Takings Clause, and the Second Amendment.  *Hardrick*, 2024 WL 4286053, at *2.  The District moved to dismiss all of them for failure to state a claim.  *Id*.  The Court agreed with the District as to the first five claims.  *Id.* at *3.  For the three common-law tort claims, the Court explained that D.C. Code § 12-309 requires tort plaintiffs to give written notice to the District within six months of an injury as a mandatory condition precedent for suing.  *Id.*  Because Hardrick failed to do so, his tort claims had to be dismissed.  *Id.* at *5.  For the Due Process and Takings Clause claims, the Court explained that Hardrick had failed to allege that his injuries were caused by the District through a municipal policy or practice, and thus he failed to bring a cognizable § 1983 claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  *Id.* at *5–9.  But for the Second Amendment claim, the Court found that some of Hardrick's allegations about the revocation of his registration and license both supported a plausible Second Amendment violation and

provided a theory of municipal liability under § 1983. *Id.* at *9–11. Thus, the Court dismissed all but part of Hardrick's Second Amendment claim. *Id.* at *12.

The parties proceeded to discovery on the narrowed Second Amendment claim. Months later, Hardrick moved for leave to file an amended complaint. *See* ECF No. 28. The proposed amendment seeks to add hundreds of paragraphs of allegations to the complaint to try to revive nearly all the claims brought in the original complaint, save for the tort claim for conversion. *See* ECF No. 28-1. The District opposed the motion for leave to amend and simultaneously moved to dismiss the Second Amendment claim still remaining in the *original* complaint for lack of jurisdiction. *See* ECF Nos. 31, 32.

## II.   Legal Standard

After litigation has passed the early stages, a plaintiff can only amend his complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* But "[a] district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012). In turn, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.   Analysis

For the reasons explained below, the Court will resolve the parties' dueling motions by granting Hardrick's motion for leave to amend in part, and then—because a new complaint will supersede the original one—denying the District's motion to dismiss as moot.

> A.  **The Court Will Grant Hardrick's Motion to Amend in Part Because His Proposed Amendments to His Constitutional Claims Are Not Futile Insofar as They Allege a Municipal Policy**

The Court identified two main defects in Hardrick's original complaint: that his common-law claims were barred by D.C. Code § 12-309, and that, for his constitutional claims, he failed to adequately allege the existence of a municipal policy that caused his injuries. *See Hardrick*, 2024 WL 4286053, at *3, 5. The proposed amended complaint corrects the second problem, but not the first. Thus, the Court will grant Hardrick's motion for leave to amend in part.

> 1.  **Hardrick's Common-Law Claims in the Proposed Amended Complaint Remain Statutorily Barred**

Hardrick originally brought three common-law claims against the District: (1) "False arrest/ unlawful detention"; (2) "Conversion"; and (3) "Negligent arrest and detention of Mr. Hardrick and detention of his pistol." ECF No. 1 at 11–12. The Court dismissed these claims, explaining that "Section 12-309 of the D.C. Code requires potential tort plaintiffs to give written notice to the District within six months of an injury in order to bring suit," and that such notice "is a mandatory condition precedent to filing suit against the District." *Hardrick*, 2024 WL 4286053, at *3 (quotations omitted). Because "Hardrick did not provide notice of his claims under § 12-309," his tort claims were straightforwardly barred. *Id.* at *5.

Hardrick now tries to reallege the first and third common-law claims for "False arrest/ unlawful detention" and "Negligent arrest and detention of Mr. Hardrick and detention of his pistol." ECF No. 28-1 at 30–31. But nothing in Hardrick's proposed amended complaint says anything about providing notice to the District under § 12-309. He argues that the proposed amended complaint addresses the notice requirement indirectly by alleging that there was a police report filed about his incident, which provides sufficient notice to the District under § 12-309. *See* ECF No. 46 at 44–45 (referring to ECF No. 28-1 ¶¶ 44–45). But the Court already rejected this

4

argument. *See Hardrick*, 2024 WL 4286053, at *4 ("The threadbare police report here 'does not satisfy Section 12-309's stringent notice requirements.'" (quoting *Harris v. Bowser*, 404 F. Supp. 3d 190, 200 (D.D.C. 2019))). So it would be futile to allow the proposed amended complaint to proceed with respect to these two common-law claims.

### 2. Hardrick's Constitutional Claims in the Proposed Amended Complaint Are Now Adequately Tied to Municipal Policies

The allegations in the proposed amended complaint in support of Hardrick's constitutional claims are a different story. Hardrick originally brought three constitutional claims against the District: (1) a "Second Amendment claim"; (2) a "Fifth Amendment due process claim"; and (3) a "Fifth Amendment Takings claim." ECF No. 1 at 13–16. The Court dismissed a portion of the Second Amendment claim and both Fifth Amendment claims. The Court explained that they were rooted in "the seizure and retention of Hardrick's handgun," which meant that, to sue the District, Hardrick needed to "specify a municipal policy that caused either the initial deprivation or the ten-month retention." *Hardrick*, 2024 WL 4286053, at *6, 8. Far from specifying such a policy, however, Hardrick at most "rel[ied] on the 'absence of an explicit policy,'" which meant that he needed to—but did not—"allege concentrated, fully packed, precisely delineated scenarios as proof that an unconstitutional policy or custom exists." *Id.* at *6 (quoting *Univ. Legal Servs. v. District of Columbia*, No. 18-cv-301, 2019 WL 1430045, at *9 (D.D.C. Mar. 30, 2019) (Jackson, J.)).

But Hardrick's proposed amended complaint now specifies a municipal policy underlying the ten-month retention—though not the seizure—of his handgun. In the D.C. Circuit, there are four ways a plaintiff can establish the existence of a municipal policy. *See Givens v. Bowser*, 111 F.4th 117, 122 (D.C. Cir. 2024). Relevant here, one of the ways is by alleging that the violation of federal rights came from "actions by a [] policymaker with final decision-making authority."

5

*Id.* This requires two independent allegations: that an agent of the municipality engaged in an action that violated federal rights, and that the agent was a policymaker with respect to that action. *See Blue v. District of Columbia*, 811 F.3d 14, 19–20 (D.C. Cir. 2015); *see also Univ. Legal Servs.*, 2019 WL 1430045, at *9.

Both required allegations are present in the proposed amended complaint. Hardrick alleges that in December 2022, after he had obtained a "PD 81-C singed [sic] by the relevant prosecutor"—which signified that "the U.S. Attorney had no objection to the release of Mr. Hardwick's [sic] handgun"—his retrieval of his handgun was stymied by the Chief of the Metropolitan Police Department, who "was not approving the release of any handguns held by the MPD at that time." ECF No. 28-1 ¶¶ 81–87. As for the first requirement for a municipal policy, the proposed amended complaint alleges that the Chief had a "policy of retaining handguns after the PD 81-C is obtained," and it was the Chief's action under this policy that resulted in Hardrick's long delay in retrieving his handgun from MPD. *Id.* ¶ 194. And as for the second requirement for a municipal policy, the amended complaint states that the Chief has the policymaking authority in this area and "controls the retention or release of handguns" even after all other procedural hoops for retrieving property are satisfied. *Id.* ¶ 164. This is all that is required at the motion-to-dismiss stage.

The District makes two arguments for why Hardrick has still not alleged enough for the existence of a municipal policy. First, it argues that Hardrick's allegations are too "vague and ephemeral to represent the custom or policy of the District" and cites as support the D.C. Circuit's decision in *Givens v. Bowser*. ECF No. 32-1 at 35. To the contrary: this case shows why Hardrick has alleged enough. In *Givens*, the Circuit upheld the dismissal of certain claims because the complaint contained only "conclusory assertions that D.C. has an unspecified number of unidentified policies," which failed to "indicate[] the contours of any type of municipal policy." *Givens*,

6

111 F.4th at 122 (quotation omitted).  By contrast, here, Hardrick's amended complaint not only identifies a single policy from a single policymaker, but it also situates the policymaker's action within a set of detailed allegations about when the action was taken and the effect it had.  *See* ECF No. 28-1 ¶¶ 74–87.  That Hardrick only alleges that the Chief had a policy on the retention of handguns "at that time," rather than alleging a more definite period, does not mean his allegations are insufficient, especially considered in their entirety.  Indeed, when it comes to municipal policies that arise out of custom and practice—one of the other methods of establishing a municipal policy, *see Givens*, 111 F.4th at 122—such boundaries are likely to be inherently fuzzy anyway.

Second, the District argues second that "a single decision by a final policymaker . . . can support municipal liability only where the official demonstrate[s] 'deliberate indifference to the risk that a violation of a particular constitutional or statutory right [would] follow the decision.'"  ECF No. 32-1 at 35 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411 (1997)).  Not so at all.  The question of whether a policymaker was "deliberately indifferent" arises only within the context of "[c]laims not involving an allegation that the municipal action itself violated federal law."  *Board of Cnty. Comm'rs*, 520 U.S. at 406.  That is because allegations of *indirect* violations of federal law "present much more difficult problems of proof" with respect to the "inference of municipal culpability and causation."  *Id.*  But here, the municipal action—the Chief's action of retaining Hardrick's handgun—is alleged to have itself directly violated federal law.  There is no need for the plaintiff to rely any inferences about the causal connection between the municipality and the violation.  Thus, the "deliberate indifference" standard has nothing to do with the way in which Hardick seeks to fulfill his pleading burden.

To be sure, the proposed amended complaint is filled with paragraph upon paragraph of other detail.  Much of the District's brief opposing Hardrick's motion to amend is aimed at these

other allegations, which the District argues are insufficient to establish a municipal policy. *See, e.g.*, ECF No. 32-1 at 28 n.4 (addressing "revocation-related allegations"); *id.* at 29–30 (addressing allegations that the District seizes "20 or 30 guns a week"); *id.* at 30–31 (addressing allegations that MPD "does not provide notice, or an inventory of property seized"). But Hardrick's amended complaint need not be a model of concision. Hardrick has done what is necessary to allege that a municipal policy directly caused the retention of his handgun, even if these other allegations are irrelevant to this policy or fail to support other ones.

### B. The Court Will Consider Whether to Dismiss the Constitutional Claims in Hardrick's Proposed Amended Complaint on Other Grounds Later, and Deny the District's Motion to Dismiss the Original Complaint as Moot

Having sufficiently alleged the existence of a municipal policy, Hardrick has addressed the defect that the Court identified as fatal to most of his constitutional claims the first time around. But in its brief opposing Hardrick's motion to amend, the District also attacks all of Hardrick's constitutional claims as failing to state a claim even if a municipal policy exists. *See* ECF No. 32-1 at 26–47. Thus, the District argues that Hardrick's proposed amendment should be denied as futile anyway.

The Court will exercise its discretion not to consider the District's other arguments that Hardrick's constitutional claims are insufficiently pleaded, for now. Though the Court "*may* deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss," it is not required to. *Hettinga*, 677 F.3d at 480 (emphasis added). And here, the structure of the District's briefing gives the Court pause. In addition to opposing Hardrick's motion to amend, the District has also moved to dismiss the surviving portion of Hardrick's Second Amendment claim from the *original* complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF No. 32-1 at 48–52. The District is abundantly clear about which complaint this argument is aimed at. *See* ECF No. 32 at 1 ("Defendant District of Columbia

8

. . . moves to dismiss *the currently operative Complaint [1]* for lack of standing." (emphasis added)). So if the Court were to assess all of the District's Rule 12(b)(6) arguments and reject them, the District's separate 12(b)(1) motion would be moot. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 36 (2025). At the same time, the District's Rule 12(b)(1) motion relies—somewhat confusingly—on the allegations in "the Proposed Amended Complaint" to make its lack-of-standing argument. ECF No. 32-1 at 48. All in all, it seems likely that even if the case were to proceed with a new operative complaint, the District would mount another subject-matter jurisdiction challenge to that complaint later, which the Court would need to address. *See* Fed. R. Civ. P. 12(h)(3).

Rather than run the risk of piecemeal resolution of these challenges, in which the Court considers the District's Rule 12(b)(6) arguments as part of the futility calculation and then later considers its Rule 12(b)(1) arguments as part of a separate motion to dismiss for lack of subject-matter jurisdiction, the Court will wipe the slate clean and permit the parties to engage anew over these issues, which will streamline and focus the proceedings. Thus, the Court will grant Hardick leave to file the proposed amended complaint—minus the common law claims he sought to revive—because he has adequately alleged a municipal policy in support of his constitutional claims. It will deny the District's motion to dismiss the original complaint for lack of subject matter jurisdiction as moot. And it will consider any other arguments that Hardrick's constitutional claims in the proposed amended complaint must be dismissed for failure to state a claim or for lack of subject-matter jurisdiction in the future, presumably in an omnibus motion to dismiss filed by the District.

## IV. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Hardick's Motion for Leave to File Amended Complaint, ECF No. 28, is **GRANTED IN PART** and **DENIED IN PART.** It is further

**ORDERED** that within ten days, Hardrick may file an amended complaint identical to the proposed amended complaint in all ways, except that it may not reassert the two common law claims for false arrest and negligent arrest identified above.  It is further **ORDERED** that the District of Columbia's Motion to Dismiss for Lack of Jurisdiction, ECF No. 32, is **DENIED** as moot.  It is further **ORDERED** that Hardrick's Motion for Leave to File Motion to Supplement, ECF No. 58, is also **DENIED** as moot.

    **SO ORDERED**.

                                        /s/ Timothy J. Kelly
                                        TIMOTHY J. KELLY
                                        United States District Judge

Date: March 11, 2026